CÁNDIDO FALTO ET AL., ETC., Petitioners and Appellants, v. DISTRICT COURT OF MAYAGÜEZ, F. NAVARRO ORTIZ, JUDGE, Respondent and Appellee.

No. 7782. Argued April 17, 1939.—Decided March 13, 1940.

*Enrique Báez García* for appellants. *George A. Malcolm, Attorney General,* and *C. Andreu Ribas, Assistant Attorney General,* for appellee.

MR. JUSTICE HUTCHISON delivered the opinion of the court. Mr. Justice Wolf declined to sit in the case.

A member of this court, during a vacation period, first issued and subsequently quashed a writ of certiorari upon facts and for reasons stated in an opinion as follows:

"In the District Court of Mayagüez in an unlawful detainer proceeding it was held that the plaintiff was obliged to cancel a five-dollar revenue stamp in order to obtain the entering and setting of the case on the calendar. Petitioners contend that this type of litigation does not fall within the description of the 'litigious civil action' referred to in section 2 of Act No. 17 of 1915 (Session Laws, p. 46 )as subsequently interpreted by this court in the case of *Lebrón v. Montalvo,* 45 P.R.R. 13. They also maintain that because the Unlawful Detainer Act in sections 4 and 6 provides for the holding of hearings within a certain definite time, and in section 8 states that the clerk, once the defendant has been served with notice, 'shall immediately enter the case on the calendar', the plaintiff is not bound to pay any fee therefor. Finally they insist that this is a 'contentious proceeding of a summary nature' and hence falls clearly within the provisions of Act No. 94 of 1917 as promulgated in 1919 by decision of the Supreme Court of Puerto Rico and reenacted in 1931 (Act No. 38, p. 356). The case of *Hamburger Bros. & Co. v. District Court,* 38 P.R.R. 352, is cited as being directly applicable.

"The argument with regard to the mandatory provisions of the Unlawful Detainer Act is, to my mind, inapplicable. That statute presumes the payment of whatever fees are necessary for the prosecution of the litigation. The duty of the court or of the clerk is to set an early date for the hearing and to enter the case on the calendar, but there is no provision that that should be done free of charge.

"Paragraphs A, B, C, K, M, and N of section 2 of Act No. 17 of 1915, read: (Session Laws, p. 46.)

" 'Schedule of fees payable to secretaries.

" 'A. For each complaint in a litigious civil action in a district court_____ $5. 00

" 'B. For the first pleading of the defendant in a litigious civil action in a district court, whether it be an answer, a demurrer or a motion_____ $5.00

" 'C. For entering a case on the calendar and setting the same for trial_____ 5.00

" 'K. For each complaint in a district or municipal court in actions of unlawful detainer for non-payment\_\_\_\_\_ 2.00

" 'M. For each petition in extraordinary proceedings\_\_ 3.00

" 'N. For every opposition of any party in extraordinary proceedings_____ 2.00.'

"Sections 1 and 2 of Act No. 94 of 1917 read:

" 'Section 1.—That any of the parties to an action pending in a district or municipal court may request the secretary, upon service of notice on the adverse party or parties, five days prior to the hearing, to enter any motion, motion to strike out or demurer, on a special calendar which shall be read, and the cases entered therein heard, on Monday of each week. The applicant shall affix to his first application for inclusion in the calendar of motions and demurrers the proper internal-revenue stamp, in accordance with the schedule, and shall submit with said application evidence of the service of notice on the other parties. The secretary shall immediately serve notice of the setting of the hearing on all interested parties by means of a postal card or a copy of the calendar, and shall enter such notice on the record.

" 'Section 2.—That courts having jurisdiction in *ex-parte* matters, special legal proceedings, summary contentious proceedings and cases in default, shall devote Friday of each week to such matters, the calendar of all cases of the aforesaid nature, inclusion of which in said calendar shall have been applied for by the parties, to be made up on the Monday immediately preceding. By order of the court, entered on the minutes, other cases may be entered on the calendar after said day.' Appendix to Vol. II of the Laws of 1917, p. 18.

"Petitioners try to include their case under the holding of *Lebrón* v. *Montalvo*, 45 P.R.R. 13. That was a case of an injunction to recover possession of land (*interdicto posesorio*) and this Court in its opinion, and referring to section 2 of Act No. 17 of 1915, supra, said:

" 'Paragraph B, in our opinion, refers to litigious civil actions of an ordinary character. It can not refer to the remedy offered by law providing a procedure for the recovery of the possession of realty. The complaint or petition in the instant case must pay $3.00

pursuant to paragraph M; the opposition to said petition must pay $2.00 according to paragraph N. This proceeding can not be included in paragraph A because it is within paragraph M, since we are dealing with an extraordinary remedy.'

"The *Lebrón* case, *supra,* was a very strong case as an injunction is clearly an extraordinary remedy. The emphasis was made on the extraordinary nature of the remedy in contradistinction to the ordinary nature of regular civil suits, and, incidentally, mention was made of the summary nature of extraordinary writs. No doubt exists of the summary nature of an unlawful detainer suit, but there is little basis on which to classify it as one of the extraordinary type. The petitioners in my opinion do not make out a case either under Act No. 17 of 1915 or under the case cited.

"The *Hamburger* case refers to the calendar setting after a default. Ordinarily the evidence taken after a default, if any, is extremely limited. In a large number of cases the secretary himself enters the judgment without the intervention of the court. Specifically, the case only excluded matters of default.

"The *Lebrón* case, *supra,* might be regarded as falling under the principle of *expressio unius* in excluding from the operation of subdivision *C* of section 2 of the Act of 1915, *supra,* only cases initiated by extraordinary writs. As we have said before, an unlawful detainer proceeding is in no sense an extraordinary writ. The *Lebrón* case, therefore, might be considered to a certain extent as showing a tendency opposite to the *Hamburger* case. It could hardly have been the intention of the Legislature that an unlawful detainer suit involving strong controversies, and in many cases two hearings, should be excluded from the payment of a calendar fee.

"The reasoning, however, of the *Hamburger* case, I must confess, seems to support, to a certain extent, the contention of the petitioners. Personally, I do not now agree with the *Hambugrer* case. While section 1 of the Act of 1917 refers to the payment of the proper internal revenue stamps 'for the inclusion in the calendar of motions and demurrers,' there is nothing, either in section 1 or 2 of said act, which attempts to determine any kind of a fee. The whole purpose of said act was to provide for special calendars to be heard in certain ways. There is no intention displayed to overcome or override the schedule of charges fixed by the Act of 1915.

"The Act of 1917, *supra,* was declared invalid by virtue of the decision of the Circuit Court of Appeals in the Telephone case. (*People of Puerto Rico* v. *Porto Rico Telephone Co.,* 47 Fed. (2d) 484.)

In 1931, however, the Legislature passed another act which reads substantially the same as did said Act of 1917. Sections 1 and 2 were reenacted. The Act of 1931, therefore, can not be distinguished from the Act of 1917. However, the Act of 1917 was declared invalid and technically its interpretation would not be binding on a judge of an inferior court. It may be doubtful whether the judge of this court, sitting in vacation time falls within the category of a judge of an inferior court. Necessarily the opinion of this court ought ordinarily to prevail until reversed by the court itself.

"As I am so thoroughly convinced that a calendar fee ought to be paid in this case, given all the circumstances above recited and considering that the revenues provided in the Act of 1915 was the prevailing idea of the Legislature, I feel bound to support the action of the lower court.

"The case has been a very difficult one. It was presented for my action on the 22nd of October, 1937, just before the court entered into its regular session. It was not finally submitted to me for decision until the 1st of December, 1937, and more or less had to take its place as other cases pending before the court. The better procedure on the part of the petitioners would have been to present the case to the whole court. We can see that the object of the petitioners was to get a ruling on this practice because, if they desired a prompt disposition of their case, they could have paid the five dollars demanded as a calendar fee.

"The writ will be annulled."

By the terms of section 1 of An Act approved March 10, 1904 (see section 1259 Compilation of Revised Statutes and Codes of Puerto Rico, 1911) the secretary of the district court "must perform such duties as are prescribed in the Code of Civil Procedure and in the Penal Code and such duties as may be required of him by the rules and practice of the court."

The first two of the rules for the district courts read as follows:

"Rule 1.—Before the commencement of each term of Court, the Secretary shall prepare a Calendar of the civil suits which are ready for trial.

"Rule 2.—During each term there shall be two calendar calls:

"(1) A preliminary one to discover the nature and status of the suit, and

"(2) A second call to prepare the cases for trial and make the proper settings.

"'The order of the suits on the calendar may be altered by the Court, and the Court may likewise suspend the hearing of those causes. On the preliminary call the cases will be disposed of in the order in which they appear to have been filed.''

Among the fees authorized by section 1 of another act approved March 10, 1904 (Section 1301 Compilation Revised Statutes and Codes of Puerto Rico, 1911) was a fee of fifty cents "for entering every cause on the calendar and making a copy thereof for the bar.''

The Unlawful Detainer Act was approved March 9, 1905. Section 8 thereof (now section 627 of the Code of Civil Procedure, 1933 ed.) reads as follows:

"After the defendant has been summoned, and the summons, with the return indorsed thereon, has been filed with the secretary of the court, he shall forthwith place the case upon te calendar.''

It may be conceded that an unlawful detainer proceeding is not an extraordinary proceeding within the meaning of paragraph M of section 2 of the Law of 1915. It may be conceded that even otherwise, an unlawful detainer proceeding would not be exempt from payment of the fee prescribed by paragraph C of that section. It may be conceded that paragraphs A, B, K, M and N, as well as the decision of this court in *Lebrón* v. *Montalvo, supra,* have little or no bearing on the question now before us.

As pointed out in the opinion already quoted in full, this was and is a difficult case. It is a case which, as a matter of first impression, might have been decided either way. The question, however, is not new in this court. It was squarely decided by unanimous decision in *Hamburger Bros. & Co.* v. *District Court, supra.*

The *Hamburger* case was decided in June 1928. Three years later, the Insular Legislature, presumably with full knowledge of that decision, reenacted without change the provisions already construed by this court. For more than

a decade, the doctrine of the *Hamburger* case has not been challenged. It was accepted without question and ratified in *Badillo* v. *Hidalgo*, 46 P.R.R. 334. The case should not now be overruled merely because the question involved was debatable or doubtful and might have been differently decided.

The judgment whereby the writ of certiorari was quashed must be reversed. The order of the district court will be vacated and the case remanded for further proceedings not inconsistent herewith.

Mr. Justice Wolf declined to sit in the case.